IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMAL DANWELL ORTIZ,

    Plaintiff,

v.

MATTHEW L. CATE; D. FOSTION; D. STARK; G.D. LEWIS; P.T. SMITH; CRUISE; R. BELL; M.J. NIMROD; DR. GLINES; V. COMPELLO; OFFICER TRIMM; OFFICER CARDENAS,

    Defendants.

NO. C 11-2380 WHA (PR)

**ORDER DISMISSING CASE WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, an inmate at Pelican Bay State Prison proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. 1983. He has been granted leave to proceed in forma pauperis in a separate matter. Based upon a review of the complaint pursuant to 28 U.S.C. 1915A, it is dismissed with leave to amend.

## DISCUSSION

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

The complaint contains a substantial number of improperly joined claims. "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). The rules are somewhat different when, as here, there are multiple parties. Multiple parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." *Id.* at 20(a)(2).

The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Ibid.*

The complaint is over a hundred pages long and has more than a hundred more pages of exhibits. The following is a sample of the wide range of claims plaintiff asserts against twelve different prison officials: that window coverings and a jumpsuit required for his committing indecent exposure constitutes cruel and unusual punishment; that the imposition of these measures for more than 180 days violates liberty interest protected by due process; that prison officials have denied his inmate appeals violates his First Amendment rights; that prison psychologists interfered his first amendment rights to file administrative appeals and due process rights to a fair and impartial hearing; that he has been denied adequate access to the law library by unnamed officials; that he has suffered retaliation for mailing a letter to the Prison Law Office and filing complaints against staff; that he has been subject to sexual harassment; that he has received inadequate dental care; that unspecified prison officials have engaged in a "code of silence" in which they fail to report misconduct when they witness it; that he has not received adequate psychological care for his exhibitionism.

As alleged, these claims against multiple parties do not arise out of the same transaction, occurrence or series of occurrences, and do not involve a common question of law or fact. The complaint is simply a recitation of seemingly all the things that people have plaintiff has found objectionable since his arrival at Pelican Bay State Prison. "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Ibid.* Accordingly, the Court finds the defendants improperly joined.

Although a court may strike individual claims that are not properly joined, the Court cannot here determine which of the many claims Plaintiff may wish to keep and which he wants to omit. *See* Fed. R. Civ. P. 21. Thus, instead of dismissing certain claims and defendants, the Court now dismisses the amended complaint with leave to file an amended complaint. The amended complaint must comply with Federal Rules of Civil Procedure 18 and 20 concerning joinder of claims and defendants, and if it does not then this action will be dismissed.

**CONCLUSION**

3

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order (No. C 11-2380 WHA (PR)) and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time and in accordance with this order will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 30, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\ORTIZ2380.LTA.wpd

4